UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| AARON RHY BROUSSARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:24-CV-174-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| LOVETT, Warden, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 2016, Aaron Broussard operated a website where he resold illegal narcotics that he had imported from China. *United States v. Broussard*, 87 F.4th 376, 378 (6th Cir. 2023). In that year several customers throughout the country ordered 4-fluoroamphetamine, an analogue of Adderall, from the website. *Id.* Broussard filled their orders, but what he sent them was fentanyl. *Id.* Eleven of those customers died after ingesting his product, and several others were seriously injured. *Id.* In 2019 Broussard was charged with numerous drug trafficking offenses, and a jury convicted him on all counts in March 2022. *Id.* at 378–79. The trial court sentenced Broussard to several concurrent terms of life imprisonment. *Id.* at 379. The United States Court of Appeals for the Eighth Circuit, noting the overwhelming evidence of his guilt, affirmed Broussard's convictions and sentences in November 2023. *Id.* Earlier this year the trial court denied Broussard's motion seeking relief pursuant 28 U.S.C. § 2255. *See United States v. Broussard*, No. 0:19-CR-101-SRN-ECW, 2024 WL 3362966 (D. Minn. July 9, 2024).

Broussard has now filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 1]. Broussard alleges that the trial court displayed bias towards him; concluded before trial that he was guilty of the offenses charged; and prevented him from

asserting various defenses during the trial. [R. 1-1, 1–3]. Broussard also complains that prison conditions are dangerous and that his convictions do not warrant placement in a high-security prison. *Id*. at 4. He also relates information regarding his family in Louisiana. *Id.* at 5. Broussard seeks immediate release from custody. *Id*.

The Court must screen the petition to determine if a response is needed. 28 U.S.C. § 2243; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). It is not. Broussard's complaints regarding the conditions of his confinement are matters that he must raise in a civil action, not a habeas corpus proceeding. *Cf. Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). And the Court lacks jurisdiction under § 2241 to entertain Broussard's collateral attack upon his convictions because he does not contend that his remedy under § 2255 is structurally unavailable to him, and the record establishes otherwise. *See Jones v. Hendrix*, 599 U.S. 465, 476 (2023).

The Federal Rules of Appellate Procedure provide that a district court may, before or after a notice of appeal is filed, certify that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(3), (4). When assessing whether an action is taken in good faith, the inquiry is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Here, reasonable jurists could not differ in concluding that Broussard's claims are not cognizable in a § 2241 petition, and hence it fails to present any viable claim for relief. The Court will therefore certify that any appeal would not be taken in good faith and would deny any motion to proceed *in forma pauperis* on appeal. Broussard is therefore advised that should he file a notice of appeal, he will be required to pay the full $605.00 appellate filing fee unless the United States Court of Appeals for the Sixth Circuit grants a motion to proceed *in forma pauperis*.

Accordingly, it is **ORDERED** as follows:

- 3 -

1.      Aaron Broussard's petition for a writ of habeas corpus, **[R. 1]**, is **DISMISSED** for lack of subject matter jurisdiction; and

2.      The Court will enter judgment contemporaneously herewith.

3.      The Court **CERTIFIES** that any appeal would not be taken in good faith.

This the 12th day of December, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY